minute early I don't know but with lawyers early is better than late right so welcome to the West panel honored to be serving this week with Judge Patrick Higginbotham of Texas and Judge Higginson and I are holding down part of the Louisiana contingent regrettably most of these cases come from Texas so we are doing our best to unravel them but we have interesting cases this will not call the first case up 23-30288 United States v. Foster and Dalton. Mr. Farrell. Good morning your honors and may it please the court my name is Justin Harrell and I represent Mr. Mark Dalton. Carjacking is a peculiar species of requires two independent and mutually exclusive showings one the use of force or threats of violence to procure the vehicle and two independently of that a demonstration of the defendant's subjective intent his specific intent to commit either murder or great bodily injury in the achievement of his goal we submit your honors that in these cases the government failed in the evidence was absent in terms of demonstrating this latter element of specific intent there are two robberies to carjackings that occurred in this case the first was on April 10th of 2020 the victim in that case with Mr. Eddie profit who passed away prior to trial for reasons unaffiliated with this matter in his instead the government admitted film captures and film surveillance from the cash and carry on Sheffman tour highway which depicted the offense that footage appears seemingly to show Mr. Mark Dalton approaching Mr. profit Mr. Dalton has in his hand what was described at trial as a shiny metallic object he branches the object at Mr. profit who drops his car keys and basically surrenders his person at that point to additional individuals approach on the video monitor they appear to pat down Mr. profit for valuables they recover the car keys and they escort Mr. profit to the vehicle which departs the scene as to Mr. Dalton after having approached the victim after having branches this metallic object he makes an abrupt about face and exits screen left and is not seen at any further time in the video is not known if he entered the vehicle at any time during the robbery the what occurs if anything inside of that car is a variable black box that we will never know and the jury certainly was unaware what we do know is that the film footage does not depict that brandishing plus that extra element that extends when you say there has to be that extra element you ask the district court to instruct on that I do not recall there was a a specific instruction with regards to the but you're not you're you're citing to us the Ninth Circuit Randolph decision I'm sorry you did in your brief correct I didn't I did in the brief as well and that well in that case was explicitly abrogated by Halloway right yes why would you cite it if it's abrogated because I believe it's in the spirit of Halloway I don't believe a Halloway discards that reasoning the spirit of Halloway but Halloway the Supreme Court explicitly identified that a Randolph decision that you're citing to us as one that they're abrogated I cited Halloway as my main authority in this case your honor because I believe the Supreme Court at that point indicates that both elements must be supported independently you understand my concern about the brief yes your honor citing an authority that's been abrogated I believe I the authority for some of the verbiage that I think is appropriate but I think I maintained and supported the brief on the holding of how the Halloway says to me it says that that conditional intent element doesn't exist when there's an empty threat or a bluff that's correct so it seemed to me if I'm a defense attorney I want to ask for that exact instruction that's why I asked did you ask for a Halloway type instruction I was not the trial counsel and I'm unaware trial counsel asked for pardon me your did the trial counsel asked for I'm not aware of the trial counsel asked for an instruction along those lines what I am aware of is that that authority does maintain that the brandishing of a weapon or a shiny metallic object might be sufficient to meet the force and the threat element but it's not sufficient in and of itself to also support this separate mutually exclusive factor of specific intent to kill or create great bodily harm if that was the case then clearly Congress would have not needed the additional verbiage which is very explicitly set forth in the statute so we believe that the surveillance footage simply cannot support both elements as it concerns mr. Dalton there's nothing in the footage that demonstrates additional threats comments screaming hollering cocking of a weapon striking threatening to strike anything of that nature with regards to species is beyond purse snatch and is a carjacking it is your honor and if the carjacking itself was considered so inherently dangerous that the mere crime carried with it automatically a presumption of intent to kill or create bodily harm then that language would not be necessary in the statute so the statute clearly sets forth the two elements which doesn't ask for a specific not you if it wasn't asked for a specific instruction to channel jury else ways how can you argue that from the video and the footage these guys with the hoodies and the guns and all the circumstances under which it transpires it cannot be inferred the requisite intent I don't understand that argument I guess the argument is your honor even if trial counsel failed to make the request the instruction that that does not itself abrogate the Louisiana US Supreme Court precedent or due process requirements that every element must be separately supported my question is you know you didn't ask for specific instruction not you if that wasn't there from the circumstances described here etc how can you argue that it's reversible error for the there to satisfy the element needed because I think the law is clear that the single act that's depicted in the footage which is the brandishing of what is presumably a weapon cannot meet both elements of the statute driven it's fact-driven you can't you can't run away from the facts certainly not certainly not in the old days we say when the facts are against you you argue the law and the laws against you argue the facts and it just seems to me this is a case where the facts are definitely against you being for one person so you're arguing the law but I'm just not honing in on exactly how you say there's a legal deficit that equals reversible error on the facts that a fact-finder could derive from you that's the piece I'm trying to follow and that's the that piece your honor comes from the fact that mr. Dalton commits one physical act one factual event occurs in the April 10th carjacking and that is he when he approaches mr. profit he brandishes a weapon that is the only that is the only fact that is before the court that's the only fact that was before the jury and based upon that fact it would seem the jury made an inference of multiple elements were satisfied and it is that inference that we believe was irrational because the jury cannot assume both the threat and violence or the use of force and the requisite attempt from the same fact as per the United States Supreme Court's rulings that concerns the April 10th 2020 carjacking there was a second carjacking that occurred two days later on April 12th in the bayou st. John neighborhood of New Orleans in that case the two victims Desmond McGee and Christian Pira survived the ordeal they testified at trial both been identified mr. Dalton as having arrived on the driver's side of the vehicle brandished a weapon and instructed the men to get into the back seat of the car at that point we would submit that the force or use of threat of violence prong was met once the gentleman complied with that demand mr. Dalton turned over his handgun to an individual subsequently identified as mr. Foster mr. Foster enters the back seat of the vehicle suffice it to say as I'm running out of time that during the course of those events mr. Dalton made several overtures and comments to the victims to the effect that he was not turn the vehicle drop off the the occupants and that they would not be harmed so long as they complied give you an extra minute since you shifted to the second offender if you want to complete the thought on yes your honor simply to say in the second offense I do not believe they were actions committed by mr. Dalton that meet that second prong of specific intent to kill I believe he made comments and statements during the course of the event as to his intent that these people would arrive safely and be released safely at some point I believe the government leaned on the phrase don't which was uttered by mr. Foster but I do not believe there's any analog in standard English language to understand the word dump which means to discard hastily also implies murder so I do not believe that the testimony of McGee and Pira as to the word dumped satisfies that separate element of the specific intent to kill and I have nothing further thank you sir you've preserved your rebuttal time all right thank you mr. Atkinson good morning and may please the court in Atkinson on behalf of Harold Foster mr. Foster has adopted mr. Dalton's rule 29 arguments below and on appeal there's substantial overlap between our position so I will try to be brief mr. Foster's arguments also rely on the language in Halloway that they're relying primarily on that Sixth Circuit case that does post a Halloway right it does seem to require brandishing plus that's the case you cite the key to the what we are I mean if that case was cited incidental to the other authorities in our brief no no I you didn't cite the pre Halloway decision you did a significantly post Halloway so that's a significant case do you remember that case the Sixth Circuit fatigue do you remember citing it and it's yes I recall I recall citing the case your honor I mean I would say that my argument as I intended in my brief and as I'm making it today is a Halloway argument it's not that brandishing plus is required it's that you have to show an intent to kill or harm at the precise moment of taking the car and I don't believe that that was I don't believe that that was proven in this case especially with respect to the April 10th carjacking because of the very particular type of proof that the government offered there's video and it's really just the the video on the April 10th case because the victim himself other than saying I was I was carjacked to to a relative he passed away right so we filed a a motion for new trial the district court assigned written reasons and the district court essentially said the video more or less standing alone was sufficient to show specific intent on this April 10th carjacking and now you know this is it's a very unusual case so it does come back to whether brandishing alone suffices and that's correct circuit as at least suggested it would that isn't that your argument well my argument is that you know regardless of what the Sixth Circuit says I don't believe that that the video is proof beyond a reasonable doubt I don't and I mean the reason for that is you know in any case that I've been involved with and in almost any case you will read about that has to do with the carjacking then the facts are such that there is a there is a live witness there is a person who is able to either testify about what happened or to give some context to what a video might say so whenever I've been involved with the robbery case you on the trial level the government introduces surveillance videotape they also have a witness there who gives context to what happens and that witness usually does a lot of work that witness will explain this is when they came towards me this is what they said to me these were you know this was the attitude that they had these were the menacing words that they told me which made me believe that I should be in fear for my life we don't have any of that in this case there's also no audio statement so it's essentially a silent movie and so we don't have any idea what was said to this person at the moment that made him drop his keys or what was said to him to make him get in the car right what what we've seen just the argument you just made now those are the exact arguments that we that were made to the to the jury your honor and and I understand the jury you know is is afforded a lot of latitude obviously to the evidence and to decide whether this case was proven I mean our position is that that evidence simply wasn't sufficient to prove beyond a reasonable doubt what I think it obviously proves what I think it obviously proves is that these gentlemen whoever these gentlemen attended intended to frighten this person intended to intimidate this person but that is not enough under the post-halloway 2119 conviction that's been overturned on appeal even though the carjackers are waving guns I do not of course we do not if we had that that would be the first thing I would be talking to you about today what I have is I have I have the evidence I have and I have my argument yeah no I understand the argument um do you know if you don't work trial counsel below do you know whether an empty thread bluff type instruction was requested the the only thing I am aware of is that they requested the pattern jury instructions you know if it was not there then my contention would be that you know that that would be reversible error I mean it the Holloway's a 1999 decision for the judge not to have instructed on that would be material and I think would have affected the outcome in this case but there's no unless I missed it is there jury do we have a jury charge issue on appeal the your honor I'm sure the jury charges are in in the record I guess I'm asking you know it always worries me when on appeal you know this argument about jury charge obviously the jury charge is to challenge the jury in the correct direction with respect to the evidence and so first thing I'm looking for is number one the defense counsel asked for you know something other than the pattern charge much as we've discussed and absent you know and the judge denied it etc so then that's an issue on the other hand if the judge there's no pattern charge if the judge sort of makes one up with counsel then that's there so I just don't recall that either those scenarios are here generally speaking if the court uses the pattern charge they're kind of between the white lines it's not impossible but generally speaking if they give the pattern charge and there's no objections to that it's kind of a reach unless there's a Supreme Court you know intervening case or something that says yes the pattern charge but you know that's not there I guess that's what I'm trying I hear the argument I'll get me wrong but I'm just saying if it gave the pattern we'll hear from the government the pattern charge it wasn't a request for something specific based on the evidence etc we don't have a jury instruction issue before us we're looking at the patterns being given the jury given the evidence and all the arguments saying how do we get to reversible error that's my that's my concern now of course the government's got various burden now don't get me wrong obviously they got a better burden beyond reasonable doubt no matter what well maybe mr. Boyd men will come in here and we out and will tell me that that's exactly how they were instructed you know I think my response would be is that when when did when this court is reviewing the sufficiency of the evidence you must take into account what specific intent means right as it's been interpreted interpreted by the Supreme Court and Supreme Court has said a very specific type of intent is required to sustain a conviction in this type of case and we don't believe I'm not pushing back on that notion at all but I will also we're very deferential to jury verdicts civil or criminal albeit you know their liberties at stake that's why we have appeals and so if it's fact driven even though we might say well I don't know about that for me but that's our job you follow I'm saying so trying to see what we're in the evidence it goes off the rails and we ask the government dear ones have the duty to prove it but to argue reversible error we can't just reach there because I don't think that was quite the deal so that's why I'm asking the jury charge instruction said it's just based on the evidence that I'm assuming these are the same arguments that were made to the jury the jury rejected and came to his well that's just kind of one-on-one right so we'll see so again not trying to pin you to the wall but just to know where the concerns are that's why we gave this case oral argument if it was slam-dunk we would have in a way you follow me so anyway those are the questions and so you've reserved your rebuttal time it's the government you know duty to prove it so we don't put them to their task and then based on what they say you'll at least know where we've plowed the ground thank you all right appreciate you all right mr. Boyd man you've been doing this for a long time well you know if we got oral argument in this case it must be not a screener or summary calendar one but the government's got to put it on I understand judge that's a we talked about that earlier there's may it please the court before we start with the late filing of a very late discovered error in our brief that we filed our letter yesterday I don't like doing things that late I know the court expects better and we do too so again I apologize to you and counsel for filing that as late as we did I didn't see it was irrelevant sure in page three of our brief in the statement of the case your honor there's a statement where we say it's defining the carjacking of the count one carjacking to the video we mention that Foster picked up the keys it should not we should not have said that Foster picked up the key I was more curious they both rely heavily on that post Halloway Sixth Circuit decision and I didn't see you cited or discuss it at all right you're talking about the key the key I thought the key was in our brief but if not I can certainly talk about the reason it's important is are you saying we're fine to live with the Keats statement about brandishing plus but we had more or are you saying we should split with the sister circuit and we should say for Keats wrong I don't think you need to do either in I don't think you need to split judge Higginson and here's why but are you therefore accepting that brandishing plot there has to be something plus no your honor as I read for key with the branching plus and first of all I believe there was part of the concern with the Sixth Circuit in that case was that they weren't sure that there was evidence of the gun was loaded and I think part of brandishing plus goes to the fact that there's an unloaded gun branching if the gun is loaded because I think the fifth Sixth Circuit says in faqeet the presence of bullets in the gun can lead to the inference of intent so they're dealing with an evidence of an unloaded gun there I see the brandishing plus as the Sixth Circuit's effort to kind of say how do we handle an empty threat when there's a brandishing I really saw that more of that's their interpretation of what do you do when the unloaded gun is the only thing to differentiate from it the government's position is carjackers can show a gun and still as a matter of law be not not have the center for carjacking that that's not my position I think that's what the Sixth Circuit was saying okay so you are asking us to disapprove of the sister I well I guess to that extent I am saying I disagree that brandishing cannot ever be that that's from what we've seen I the reason I think you don't need to go there judge Higginson is this case especially with the first carjack and it's on video even assuming faqeet is the standard this is not a case that's limited to brandishing and I want to do I want to distinguish that and make a point of that I think there was a question US Council about is brandishing the only thing in count one and it's not there's so much more in that video and that's something important here when we look at the common sense and the circumstances surrounding which is what the jury was told to do and what this court always does the evidence demonstrated specifically in both carjackings that there was much more than a brandishing there were three carjackers in each they targeted their victims both times finding a way to get the victim in a situation where the victim could not escape so he was trapped showing more than a force that also leads to other things they threatened and brandished a gun but there was also physical contact and physical control of the victims in both situations forced victims into the cars one of the carjackers sat in the back seat with the victims and then they kidnapped victims exercising control the whole way from all of those things together you can infer what they were going to do when that gun was pointed out so this is not just brandishing to the extent you need brandishing plus I certainly think you have that but you have something much more so I don't think judge Higginson you need to reach that question because even if you want to assume the Sixth Circuit is there and has it right which I don't think you need we have so much more because this is no I mean for Keith seems to be at the essence of this is it a valid post Halloway not in your table authorities it's not discussed my apology I thought but this discussion is helpful but it was the principal authority they both relied on agree and I said even taking it at face value I think we can meet it under the Faki standard but I don't think that's certainly something you want I don't think it's needed I think brandishing the gun itself especially in a manner could certainly do it and should certainly do it I don't think we have a case saying that of course but again here even if the gun was even if there wasn't a gun in this video you still have what you need for a presence of any weapon whatsoever and I think it was Holloway that said this or maybe well let me I think it was Holloway that pointed out you know the presence of a gun loaded or not doesn't have to be shooting you can pistol whip someone and let's talk about specifically the first video in here what I'm talking about from from everything the common sense and the circumstances from which the jury could show could determine that they had an intent to seriously harm or kill the victim if necessary if you look at the videos government 18.1 is a color video of in front of the convenience store where the three carjackers are kind of standing and meeting and the victim goes in and out 18.2 is a is a black-and-white video that actually captures the entire carjacking what you see there is the three carjackers come around and they take strategic positions one weights one moves down against the one goes further out right why is that important because now the victim Eddie Proffitt comes in and he comes into an area of triangulation that's when the gun is pulled that's when the defendant Dalton walks up with the gun how is why is that important how does that show intent because the victim can't go left because he's blocked by his car he can't go forward because he has a gun pointed at him he can't go to the right because there's a carjacker here he can't go behind him because there's another carjacker and that would be Foster behind so what do they do they close in on whether this is a gun or not the victim throws his hands up very quick drops his keys on the ground he clearly understands this is a gun in the end so that issue shouldn't be there but then did they ask for an empty threat bluff instruction I'm not aware of that I don't want to guarantee if they did that would be an appropriate instruction in a correct I think I think that would be appropriate because that's directly out of Holloway empty threats aren't enough but what you see here in this video is not an empty threat you have physical control two people come up and grab Eddie Proffitt they take things off of him they move him into the back seat they get into the car with them there is constant control through every juncture of this of this carjacking including when they finally drive away kidnapping the victim and that's something the First Circuit in Guerrero in the vias which I believe we cite mentions that could be something to show the intent as well and so this isn't a situation where it's a gun and what did he do this is several things to show brandishing control constant use of force constant threat and when you have physical contact which I think several cases that we cite Adams LeBrun Cepeda I think are two of them that when you have physical contact that's sufficient to work for a jury to start inferring the intent and then of course in the second April 12th carjacking the gun that's recovered is loaded so if you're looking at the gun alone that gives even a more indication that the gun is that there was a you have thoughts on can a carjacker negate the intent element if they reassure the passenger that as long as they comply they're not gonna die I think that's I think that's a jury argument certainly but I don't think it's just the opposite no don't comply we will kill you well and and this one I think in the second when there is the statement if you don't be quiet I'm gonna kill you that statement is actually made in the second as well but to negate the intent I don't think I don't think it negates intent because we're still looking at the precise moment of the of the taking under under Holloway so if they intended to kill at the time they took and later on say look I'm not going to kill you that doesn't negate the previous intent I do agree it would be a jury call for what happens on the issue of intent but the point of time is the point of time of taking so if the intent exists there it exists for the purpose of the crime now I'm not saying you can't look to the future in the past because certainly in identifying the inferring intent under the circumstances we certainly look at the events before during and right after the crime because all of that will be relevant to determine what was in the defendants mind something that was partly an issue in the Jones case which the site which opposing counsel sites was a guilty plea case but this court affirmed they're looking and said the intent and the forced intimidate everything was there at the time and you do that by looking before doing it now but tell me with respect to the April 10th one mr. Harrell argues that there was no evidence of threats or violence or force or whatever whatever you said well there was more so just tell me in advance of having read the record what is the quality of the evidence that is more than the point what's the quality you're going to tell me detail will give me a check but what's the quality of the evidence that the judge the jury would have had on the April 10th one to infer or otherwise find the specific intent sure judge Stewart and I do agree that the April 10th is all on video because the victim was deceased and couldn't testify so the video is there and and I can't overstate how important that video is and how good the video is because it actually captures the entire crime from seeing as I said seeing the three carjackers get in position waiting for the defendant to get in the middle pulling the gun walking up to him then seeing two defendants come grab the victim take things off of them and then move around put the victim into the backseat get into the backseat with them while the another carjacker gets into the front and opposing counsel talks that Dalton who has the gun walks off screen he does eventually walk off screen but he waits until the job is done this was not a situation where two people put him and he drops the gun and says I'm out of here he's waiting around the gun is brandish when other cars are coming by in the distance he moves it away to be seen but it can still clearly be seen by the victim and so the jury judge Stewart got to see that video entirely in that it's you know very not often I think where we have an entire crime caught on video but looking at the three carjackers doing all these things establishing constant control physical contact and forcing into the backseat that's sufficient for the jury to infer intent and count one and it's also very similar to what happened for the April 12th carjacking which didn't have the video associated with it but did have the two victims saying exactly pretty much the same thing they were parked parallel could not get away someone comes up to him brandishing the gun in their face they force them into the backseat another carjacker gets into the backseat and then and then the other person gets in the drive and drives away kidnapping and the kidnapping is something that was used that agents to police officers testified is very unique in carjacking something showing the signature in the relationship between the two and the defendants that were doing both these crimes if you take a look at this statements aside like we're even staying a promise we're not going to kill you doesn't mean the jury was unreasonable in looking at the physical acts of control the constant times that the jury was not unreasonable in determining that they intended to seriously harm or kill the victims if needed at the time they took the gun and I would say the same thing with the words dump in the April 12th where they were going to dump them I understand that the two victims were not experts in terminology but I don't think that's necessary the jury could reasonably understand when someone with a gun is who's carjacked and kidnapped victim says we're gonna dump you all out it's not too really much of a stretch to infer that could mean kill and that's certainly what the victims took it to be they didn't bring it up but just quickly the predicament of a district judge who's going to depart significantly both these people got over 40 years yes but then judge Zaney decided he had to resentence and the government's position is he didn't have authority to resentence because the notice of appeals had already been filed that's that's correct the notice of appeal was filed and then judge Zaney vacated and said I'm going to give notice of departure near the resentencing so our position looking at we cite Lechero and Willis which I think of every similar cases here in this fact Willis I even think talks about in April in a July sentencing which is exactly what we have here that's the problem once the NOA has filed but your original one we've got to wasn't a valid or a legally deficient feature I think that's the judges certainly that was what the district court said judge Higginson now the issue raised an appeal is not that of course the issue raised an appeal is a reasonableness of the sentence and that's and I think that's part of the issue there I don't think it would be a problem anyway because even in even if in what he did in the second sentencing which of course is without jurisdiction the court did note notice of upward departure but also noted upward variance so which of course wouldn't need a requirement now while that's without jurisdiction and it's of no moment under Willis and Lechero I think that's indicative of what you can do but again the only issue counsel is raised is the reasonableness of the sentence I agree it's an issue I don't necessarily think that would be reversible anyway because of the possibility of a variance which doesn't require it at at most I think the absence of notice departure could be a harmless error because it can be defended as an upward variance which is what we've done in the brief and I think here what we said you know that's fine okay and and so everything you need on that I know that's a quick summary I think I've tried to respond to everything welcome any other questions yes judge just you know I'm quick reading but it just said based on me it's a sufficient of the evidence challenge although both in their sufficiency challenge traverse that the government failed to demonstrate the specific intent and we've had the argument there but neither one of these briefs identified jury charge issue at all and they don't say that they say insufficiency the briefs are thin but they don't say that they do argue about specific intent but neither one of them says a the pattern charge was wrong B should have been this B C should have been Sixth Circuit charge there's no jury charge issue here I'm gonna assume and I don't see him in the record excerpt the judge gave the pattern charge is that correct you know again I don't want to I don't want to say yes the joint structure the instruction I would hold them I don't really get the weird oral argument that I asked him I asked the what was the charge given and nobody knows answer now either the judge this was jury tried this case has been teed up it just shouldn't be a mystery to me whether somebody tried at the case or not to know what the charge was that was given is there a reason to assume that judge Danny didn't give the pattern charge we're gonna look at the record but that seems like a fair question at oral argument what was the jury charge understand I can tell you will be around 1313 1317 I think is where it came up I might be off a few pages but that's I believe that's the area of the jury instructions and I think the issue with us judges that even I my memory is the pattern I don't remember there being a fight about the other specific intent element the empty thread I do as I agree with judge Higgins and that would be appropriate certainly but that's just the law well that's what I'm trying to dig out we're hearing or argument here about the jury charge and what the Sixth Circuit does and the Fourth Circuit does etc etc but that's not briefed it's not identified as an error on appeal the specific intent piece is and that notwithstanding the government has the burden to prove it but it mean didn't it start slicing down okay it's a jury trial what could the jury infer from the evidence you've already covered that I just want to make sure everybody's clear on deck what is and what isn't preserved for appeal either side and I just haven't heard anybody challenge the specific charge of brandishing plus or whatever so we may be left with sufficiency in terms of either the video supplies it or dead and that's my understanding is sufficiency is the only thing challenge and even in the faqeet case with the brandishing plus I don't think that was a jury instruction and challenge either I think that's just a sufficiency review I don't think that was I don't remember that issue in faqeet in the Sixth Circuit being a we should have argued brandishing plus to the jury I may be wrong and I judged but my memory is it was just a sufficiency review other unless there are any other questions from the court we would ask the court to affirm the convictions we would ask the court for sentencing procedurally to vacate the judgment that was without jurisdiction to reinstate the judgment from the sentencing of April 25th which was with jurisdiction and affirm on that basis thank you your honor sir thank you sir all right we're back to you mr. how good morning again judges with only two minutes allotted to me for rebuttal I think the best place to start would be to determine if the court has any additional questions after hearing the allocutions from the government for me on behalf of mr. don't say anything about the citizen your honor I we raise sentencing on grounds that we believed it was excessive in that it assumed facts that were not in the record vis-a-vis mostly the April 10th carjacking event and also that the reasons announced by the trial court were reasons we submit are already manifest in the statute itself and the therefore we believe that it was an abuse of the court's discretion but you've waived any argument as to procedural error in terms of we did not present it in our briefs your honor if there's nothing further your honor we would ask that the court reverse the convictions on a finding that there was insufficient evidence to establish the specific intent to kill or inflict great bodily harm either with regards to the April 10th or April 12th carjackings and we ask the matter be remanded for further proceedings thank you sir thank you judges mr. Atkinson very briefly judge Higginson I think you asked mr. Boyd men whether there could be circumstances where a defendant could say something that would negate the specific intent to kill I just wanted to be clear our position is not that they later said something that negated in earlier intent our position has been that what they said later is the best evidence of what their intent had been the entire time because their their direct statements on this issue were actually pretty consistent Pira the driver and that's important because he's the person who relinquished control of the car you know he testified that the driver definitely promised that he was going to let us go they mentioned that they were going to bring the car back to me after they like do whatever they have to do handle their business or whatever and at the conclusion he said I promise I'll let you all go so I'm letting you all go there's there's one example of something that's markedly different from that mr. McGee got up and testified at trial that they did threaten to kill him but I think it's important to look at actually what was said and when it was said what he said was I'm not going to kill you but if you keep asking me this I'm going to kill you so there is a conditional threat there's a conditional threat there obviously right but the conditional threat is not that if you don't relinquish control of the car then I'm going to kill you because that had already occurred much earlier and that's the intent that the government has to prove what the conditional threat there is is if you keep aggravating if you keep annoying me you know I'm going to kill you so at that point perhaps thing had escalated but that is not the relevant inquiry the relevant inquiry is whether at the moment that he took control of the car they had this specific intent and I don't believe that mr. pierce threat as he articulated it shows that they had that intent rather I think that and I'll wrap up the intent was exactly what happened which is that they would drive these people around and they would allow them to go free at the end of it which is what occurred a nonviolent carjacking well that you don't want your position is that wasn't not a question but just that's right I don't think it was meant for a comment for me so I'll let it go as as it is thank you your honor probably shouldn't have been sex and you're you're retained right you're retained or both of you see I'm panel attorney okay all right well just to say in the most earliest the court richly appreciates the service of our CJA panel in this case in all cases you get the cases as they're presented to you you're able advocates you didn't try the cases below and so nothing should be taken from the court's questions of you in any way undermining the appreciation we have for the noble calling of representing persons in all these cases your work in this case is excellent as usual and we appreciate your continued willingness to take cases and present them in brief in an argument to the court with that the panel thanks you thank you